UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02201-SEB-TAB |
| | ) |
| ROBERT VASQUEZ, Deputy, | ) |
| | ) |
| Defendant. | ) |

**Order Granting Defendant's Motion to Dismiss
and Directing Entry of Final Judgment**

### I. Introduction

This action is proceeding on plaintiff Larry Warren's August 19, 2020, complaint asserting an Eighth Amendment conditions of confinement claim against defendant Robert Vasquez. Mr. Warren is an Indiana Department of Correction inmate who on August 13, 2018, was being transported to the Marion County jail by Deputy Vasquez, a Marion County Deputy Sheriff. The Court exercises jurisdiction pursuant to 42 U.S.C. § 1983. For the reasons explained below, the Court concludes that Mr. Warren's claim against Deputy Vasquez is barred by Indiana's two-year statute of limitations, and therefore Deputy Vasquez's Rule 12(b)(6) motion to dismiss, dkt. [22], is **granted**. Fed. R. Civ. P. 12(b)(6).

### II. Factual Basis for Claim

In a complaint signed by Mr. Warren on August 19, 2020, he alleges that on August 13, 2018, he was in a transport van driven by Deputy Vasquez. He was being taken from his correctional facility to the Marion County jail to appear in state court. At some point during the trip, Deputy Vasquez stopped and exited the van, leaving it unattended, without air conditioning

or ventilation, for thirty minutes. Mr. Warren alleges he became sick and could not breathe, but Deputy Vasquez denied him medical treatment.

### III.  Statute of Limitation

Suits under 42 U.S.C. § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34-11-2-4. "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action. For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury." *Logan v. Wilkins*, 644 F.3d 577, 581-82 (7th Cir. 2011) (internal quotations and citation omitted).

### IV.  Discussion

Deputy Vasquez moves to dismiss Mr. Warren's claim as barred by the Indiana limitations period, arguing that Mr. Vasquez knew of the basis for his claim on August 13, 2018. Dkt. 22. Because this action was filed on August 19, 2020, it was six days late, Deputy Vasquez argues, and must be dismissed for that reason. *Id.* Mr. Warren does not dispute that his claim arose on August 13, 2018, or that calculation of the limitations period should begin on that date. Dkt. 24. Instead, Mr. Warren first relies on his commencement of an earlier civil rights lawsuit, *Warren v. Marion Cnty. Sheriff's Dep't*, No. 1:19-cv-04575-RLY-MPB (S.D. Ind.), signed on November 14, 2019, in which he attempted on August 12, 2020, to amend to add the instant claim. Second, he relies on an Indiana Supreme Court order providing trial courts with emergency tolling authority and directing that all relevant time limits be extended through August 14, 2020. Third, Mr. Warren

relies on an August 18, 2020, Order issued in the *Marion Cnty. Sheriff's Dep't* case that advised him he could file a new action to pursue the instant claim, and that this action is the result of that Order. Fourth, Mr. Warren argues that Deputy Vasquez's motion is untimely under Rule 12(f)(2) of the Federal Rules of Civil Procedure. The Court will address the timeliness of the motion first and then discuss Mr. Warren's other arguments.

### A.     Timeliness of Defendant's Motion to Dismiss

Process was issued by the Clerk of the District Court on December 16, 2020, pursuant to Rules 4(c)(3) and 5(d). Dkt. 11. A Rule 5(d) notice of lawsuit and request to waive of service of summons was mailed on that date, advising that if a waiver of service of summons was filed within thirty days, an answer (responsive pleading) would then be due within sixty days of the issuance of the notice. *Id.* Deputy Vasquez filed a waiver of service of summons on January 15, 2021, thirty days after process (notice of lawsuit) was issued. Dkt. 16. Pursuant to the notice of lawsuit, and as allowed by Rules 5(d)(1)(F), 5(d)(3), and 12(a)(1)(A)(ii), Deputy Vasquez's answer was then due February 14, 2021. Because February 14, 2021, was Sunday, and February 15, 2021, a federal holiday, the answer was actually due February 16, 2021. That is the date the instant motion to dismiss was filed. Dkt. 22.

Deputy Vasquez's motion to dismiss is brought pursuant to Rule 12(b)(6), asserting that because of the Indiana statute of limitations, Mr. Warren's complaint fails to state a claim upon which relief can be granted. Dkt. 22. Rule 12(b) allows the defense of failure to state a claim upon which relief can be granted to be made by motion. However, the motion must be made *before* an answer is filed. *Id.* Upon the filing of a Rule 12(b)(6) motion, an answer is not due, if the motion is denied, until fourteen days after notice of its denial. Fed. R. Civ. P. 12(a)(4)(A).

The motion to dismiss is thus timely. Mr. Warren's request to strike the motion as untimely, *see* dkt. 24 at ¶ 21, is **denied**.

### B.   Indiana Supreme Court's Administrative Order

Mr. Warren argues that the Indiana Supreme Court's administrative order tolling the deadlines in all matters civil and criminal operates to make this lawsuit timely filed. Dkt. 24. A copy of the Order has not been furnished to the Court. However, the Court will take judicial notice of the Order pursuant to Federal Rule of Evidence 201. The Indiana Supreme Court's Order authorizes tolling "through August 14, 2020, of all laws . . . setting time limits for . . . all other civil and criminal matters before the Indiana trial courts." 145 N.E.3d 787 (Ind. 2020). Mr. Warren's argument is not clear on how the state tolling rules apply to this case. The Order is authority in the Indiana state courts and has no controlling effect in the federal courts. Additionally, while the Order has mandatory language for certain Indiana criminal procedures, its applicability to civil matters is merely *authorized*, meaning not mandatory. Although there is an absence of reported authority on its application, it appears that the tolling of a limitations period in state court is a case-by-case matter, decided at the discretion of the trial court. Mr. Warren has not provided argument or evidence on how the Marion County civil courts responded to the tolling authorization.

Moreover, as Deputy Vasquez notes, even if this Court were to apply the Indiana Supreme Court's administrative order, it expired on August 14, 2020. This case was filed, applying the prison mailbox rule, on August 19, 2020, five days after the limitations period ran.

Mr. Warren's invocation of the Indiana Supreme Court's Order is without merit.

### C.	Relation Back to *Warren v. Marion Cnty. Sheriff's Dep't*

Mr. Warren commenced his action against the Marion County Sheriff's Office on November 15, 2019. *See* 1:19-cv-04575-RLY-MPB, dkt. 1. He asserted claims against the jail's health care provider and the Sheriff for health-care-related matters inside the jail occurring November 14-20, 2017. There were no transportation issues in the case, and Deputy Vasquez was not a defendant. *Id.*; *see also* dkt. 12 (screening order). The suit was filed approximately fourteen months after the incident with Deputy Vasquez.

As noted earlier, Mr. Warren filed an amended complaint on August 12, 2020 (applying the prison mailbox rule), without having first obtained permission from all other parties or leave of Court. *See* Fed. R. Civ. P. 15(a)(2). Cognizant of the Court being required to grant leave to amend when "justice so requires," *id.*, the Court reviewed the amended complaint to determine if justice required its filing. The amended complaint contained claims that had been dismissed at screening, and for an event occurring several months after the events alleged in the original complaint and involving a defendant unconnected with the original allegations. The amended complaint was dismissed on that basis, with the observation that Mr. Warren could "submit a different complaint and satisfy the filing fee requirement" for a new lawsuit. *Marion Cnty. Sheriff's Dep't*, dkt. 29.

The Court understands Mr. Warren's argument in the instant case to be that because he filed his claim against Deputy Vasquez timely, but in the wrong case, he should be given the benefit of the timely filing date. In other words, he believes this action should be construed to have been commenced when it was filed in his earlier case on August 12, 2020.

Mr. Warren's argument is a version of the "relation back" doctrine, allowing an amended complaint to add a party after the limitations period has run by relating the claim to the suit's

commencement date. This doctrine only applies where the new party could have been a party to the action "all along," meaning when it was first filed. *See Worthington v. Wilson*, 8 F.3d 1253 (7th Cir. 1993); Fed. R. Civ. P. 15(c) (an amendment may relate back if it asserts a claim that "arose out of the conduct, transaction, or occurrences" of the original claims). Nothing about Mr. Warren's claim against Deputy Vasquez has any connection or relevance to the "conduct, transaction, or occurrence" of the original claims, and Deputy Vasquez would not have been a proper party to those claims. Thus the "relation back" doctrine is inapplicable.

The question therefore is whether filing a new claim in a completely unrelated but pending action is an error that nevertheless allows that filing date to be the filing date of the new claim. This is not a case of the wrong case number being assigned, or the amended complaint being filed in the wrong case. Rather, Mr. Warren deliberately attempted to amend his earlier suit to add the claim against Deputy Vasquez – a claim completely unrelated either in time or parties – to a pending suit about a different matter.

Because Rule 15(b) does not allow the filing of an amended complaint without leave of court or permission of the parties, the result is that if it is filed anyway, the filing is of no effect. Because the filing had no legal effect, it also cannot stop a limitations period from running. Only properly filing a timely complaint can toll the limitations period, and Mr. Warren did not do that.

Mr. Warren's argument that he should be given the benefit of the filing date of the amended complaint in his earlier lawsuit is without merit.

### D.    Order Allowing Submission of New Complaint

Finally, Mr. Warren reads the order dismissing his amended complaint in his earlier lawsuit as excusing any statute of limitations problems. To that end he is mistaken. The line Mr. Warren cites from *Marion Cnty. Sheriff's Dep't* does not create an exception to the statute of limitation. It

merely makes clear that the Order dismissing Mr. Warren's amended complaint would not prevent him from *filing* a complaint raising the same claim in another (new) action. Additionally, the statute of limitations is an affirmative defense that ordinarily must be pled and proved by the defendant. Unless it is patently obvious from the face of the complaint that a claim is time-barred, the Court will ordinarily leave it to the defendant to raise the defense, which is what has happened here. If the defendant does not raise the defense, it can be waived.

The Court has no authority to waive the statue of limitations defense or to otherwise toll the limitations period, and the dismissal Order in *Marion Cnty. Sheriff's Dep't* cannot be read to suggest it did or would.

For these reasons, Mr. Warren's argument is without merits.

## V.  Conclusion

The Court finds that Mr. Warren filed the instant 42 U.S.C. § 1983 action after the Indiana statute of limitations expired. For that reason, Deputy Warren's motion to dismiss, dkt. [22], is **granted**. This action is **dismissed with prejudice**. Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED**.

Date: 3/16/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Larry Warren
230853
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Andrew Scheil
Office of Corporation Counsel
Andrew.Scheil@indy.gov