UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02201-SEB-TAB |
| ) | |
| ROBERT VASQUEZ, Deputy, ) | |
| ) | |
| Defendant. ) | |

**Order Denying Motion for Relief from Judgment**

Plaintiff Larry Warren, an Indiana Department of Correction inmate, filed this 42 U.S.C. § 1983 action asserting an Eighth Amendment claim against Deputy Robert Vasquez of the Marion County Sheriff's Office. Dkt. 1. On Deputy Vasquez's motion, this action was dismissed with prejudice for not having been timely filed within Indiana's applicable statute of limitations. Dkt. 29. Final judgment was entered March 16, 2021. Dkt. 30.

Mr. Warren thereafter filed a motion to amend his complaint, an amended complaint, and a motion to amend his motion to amend his complaint. Dkts. 33, 34, 37. The Court considered these filings together, construed them as a Rule 59 motion, and denied relief. Dkt. 40. Before that Order was entered, Mr. Warren filed his motion for relief from judgment, dkt. 39, that is now before the Court. Deputy Vasquez has responded in opposition. Dkt. 43.

Mr. Warren brings his motion under Federal Rule of Civil Procedure 60(b)(1), which provides for relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." Mr. Warren makes some of the same arguments he has raised previously. In his response to Deputy Vasquez's motion to dismiss, Mr. Warren argued that (a) Indiana's statute of limitation for actions involving a public official is five or six years, not two years as the Court applied, (b) the filing date

of this lawsuit should relate back to an earlier lawsuit he filed, (c) the limitation period should have been tolled pursuant to a general order of the Indiana Supreme Court, and (d) an order in a different case authorized the filing of this lawsuit. *See* dkt. 29 at 2-3. The Court discussed each argument substantively and found none were meritorious. *Id.* at 3-8.

In his instant Rule 60(b) motion, Mr. Warren seeks relief on, in addition to previously-raised arguments, a scrivener's error, federal court equitable tolling, a different injury onset date, and the continuing harm doctrine. Dkt. 39 at 3-17. None of these arguments are based on new evidence that could not have been discovered earlier, *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008), retroactive changes in the law, or some other circumstance that would be exceptional, such as fraud on the Court, *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018).

Relief under Rule 60(b) is "an extraordinary remedy . . . granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017); *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) ("As we have said often, Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances' and not merely [the] erroneous application[] of law.") (internal citations omitted). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(b). "Rule 60 gives district courts the power and discretion to modify their judgments when truly new facts come to light or when the judge recognizes an error and believes it should be corrected." *Kennedy*, 893 F.3d at 419.

Motions for reconsideration are "not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). They should be used only in rare circumstances, such as where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension," or where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted).

A motion raising previously made arguments is functionally equivalent to a motion for reconsideration. Such motions do not give a party an opportunity to rehash old arguments. And neither do they permit new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Mr. Warren's motion for relief from judgment, dkt. [39], is **denied**.

    **IT IS SO ORDERED**.

Date: _____5/5/2021_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

Larry Warren
230853
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Andrew Scheil
Office of Corporation Counsel
Andrew.Scheil@indy.gov